[Civ. No. 99.   Second Appellate District.—November 25, 1905.]

## J. L. MURPHEY, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

RAILROADS—INJURY TO PASSENGER WHILE ALIGHTING—CUSTOM AS TO EXIT — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTIONS OF FACT.—In an action for injuries sustained by the starting of a railroad train while plaintiff was alighting therefrom on the side farthest from the station, where the verdict was for plaintiff, and the evidence showed that plaintiff thereby avoided exit upon a track on the other side, and that there was a custom to alight on either side, and b. th means of exit were open to plaintiff, without notice of exit in any particular way, the question of the negligence of the

railroad company, in not affording plaintiff a reasonable time to alight, or in starting its train without examination as to who were alighting on the farther side, and the question of the contributory negligence of the plaintiff, or the reasonableness of the celerity of his exit, or whether he undertook to alight from a moving train, were questions of fact for the jury; and no question of negligence in law being presented by the record, the verdict will not be disturbed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, for Appellant.

C. C. Wright, E. A. Meserve, and J. L. Murphey, for Respondent.

ALLEN, J.—Action for damages on account of alleged negligence. Judgment for plaintiff, from which and a motion denying a new trial, defendant appeals.

The record discloses the situation of affairs at the time of the accident to be substantially as follows: Alameda street, one of the streets in the city of Los Angeles, runs north and south. Upon this street defendant maintains a double line of railroad track upon which all of its southern traffic, including switch engines, is operated. Trains going south run on the western track. Upon the east side of Alameda street, near First, the company has a ticket office, the agent at which station left the same at 6:15 P. M. on the day mentioned, and before the accident. No lights were provided at the station after such hour other than a coal-oil lamp within the station-room. No platform or other convenience was provided at the station upon which passengers might alight, but the passengers alighted upon the surface of the street, usually upon either side of the train as best suited their convenience. On December 5, 1902, plaintiff was a passenger on a train going south, which was stopped at the station above named after notice to passengers that it would stop. Plaintiff undertook to alight therefrom, in company with other passengers, on the westerly side of the train and

on the side opposite from the easterly track; and while in the act of alighting the train was started, by reason of which the injuries were occasioned.

The first contention of appellant is that the plaintiff should have alighted on the side of the train next the station, and that the employees being upon that side were warranted in starting the train, not having information that passengers were alighting upon the other side, and that no negligence was therefore shown in starting the train under these circumstances. The question of negligence, as well as the claim of contributory negligence, were questions of fact properly submitted to the jury, and it found against appellant upon both issues, and testimony appears in support thereof. It was for the jury to say whether the act of the plaintiff in alighting, as he did, and thus avoiding the necessity of alighting upon another railroad track—both means of exit being open to him—was justifiable. And it was within the province of the jury to say whether it was negligence upon the part of the defendant to start its train without first making some examination as to the safety of passengers who might alight by either exit thus provided, and from either side of a train where no barriers were present preventing exit, or notices to make exit in any particular way; and it was also within their province to determine the reasonableness of the celerity with which passengers alighted therefrom, as well as to the question of fact whether the train was started before an opportunity was afforded to alight; or, upon the other hand, whether the plaintiff undertook to alight. from a moving train. All of these matters were properly submitted to the jury; and no question of negligence in law being presented by the record, this court, under the well-established rule, will not disturb the verdict.

Appellant's criticisms of the charges given, we think, are unfounded. Reading all the charges together, they clearly set forth the law applicable to the various questions involved, and upon which they treated respectively, and none of them can be said to charge as to any question of fact, and the language used therein could not have produced upon the mind of an intelligent juror the idea that the court was intending to assert that any question of fact had been established. Nor was there error in refusing the charges of-

fered by defendant. Everything contained therein had been fully and carefully presented in the other charges given, and no necessity is apparent for their repetition.

A careful examination of the entire record, upon the various other points presented, indicates to us that there is no prejudicial error in the record; and the judgment and order appealed from are therefore affirmed.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 24, 1906.